UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | |
| ) | CR No. 13-170 ML |
| CHRISTIAN MONTALVO ) | |

_____

MOTION FOR RETURN OF PROPERTY

Now comes your defendant Christian Montalvo, by and through his attorney Assistant Federal Defender Tara I. Allen, and moves this Honorable Court for an order directing Return of Property pursuant to the Due Process Clause and Fifth Amendment of the United States Constitution, and Federal Rule of Criminal Procedure 41(g). The government is in possession of Mr. and Mrs. Montalvo's possessions. The defendant seeks return of the following:

1. Grey 2004 Ford Explorer bearing vehicle identification number 1FMZU73KX4UA12751
2. All non-contraband personal property seized from the 2004 Explorer including but not limited to items 3 through 7:
3. Toolbox and all tools and contents therein
4. Motor vehicle registration
5. Tire jack
6. Papers
7. All non-contraband personal property seized from 61A March St. including but not limited to items 9 through 13.
8. Christian Montalvo's Wallet, including identification and all the contents therein
9. Carmen Montalvo's Wallet, including identification and all the contents therein
10. All seized mail and documents
11. Nine (9) cell phones, including a white Apple brand iPhone
12. Kitchen scale
13. All seized jewelry including but not limited to a gold necklace, gold chain, silver diamond ring, black Movado watch with a leather band, Fossil watch with a blue band.

With respect to the above captioned matter he submits the accompanying Memorandum of Law.

Respectfully submitted
Christian Montalvo
By his attorney,

*/s/ Tara I. Allen*
Tara I. Allen, MA Bar #641687
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281;  FAX 528-4285
tara_allen@fd.org

CERTIFICATION
I hereby certify that a copy of this motion was delivered by electronic notification to Milind Shah, Assistant United States Attorney, March 30, 2015.

/s/ Tara I. Allen

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 13-170 ML |
| | ) | |
| CHRISTIAN MONTALVO | ) | |

MEMORANDUM IN SUPPORT OF MOTION FOR RETURN OF PROPERTY

**I.   BACKGROUND**

On March 26, 2015, this Court sentenced Christian Montalvo to 60 months' incarceration following his guilty plea conviction to felon in possession of a firearm and possession of heroin with intent to distribute. During the course of investigating the case, law enforcement officers seized a number of non-contraband items from the home of Mr. and Mrs. Montalvo, in addition to seizing Mrs. Montalvo's car and the contents thereof. The case has concluded and Mr. Montalvo seeks return of his property.

**II.   APPLICABLE LAW**

Rule 41 of the Federal Rules of Criminal Procedure provides as follows:

(g) Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Rule 41(g) requires that a person seeking return of property file a motion "in the district where the property was seized." Fed. R. Crim. P. 41(g); see also United States v. Premises Known as 608 Taylor Ave., 584 F.2d 1297, 1299 n.3 (3d Cir. 1978) ("Jurisdiction to entertain such a motion is founded on the inherent supervisory power of the district court over the United

States Attorney's office and over law enforcement officials within the district.") (Internal citations omitted).

The First Circuit is clear on the point:

"Once seized property is no longer needed as evidence, a criminal defendant is presumed to have the right to its return" unless the government can demonstrate that "the property is contraband or subject to forfeiture, or the government's need for the property as evidence continues."  United States v. Cardona-Sandoval, 518 F.3d 13, 15 (1st Cir. 2008) (per curiam) (citing United States v. Pierre, 484 F.3d 75, 87 (1st Cir. 2007).

Rule 41(g) applies to legally, as well as to illegally, seized property. See Perez-Colon v. United States, 206 Fed.Appx. 1, 2 (1st Cir. 2006)(unpublished) ; United States v. Uribe-Londono, 177 Fed.Appx 89, 90 (1st Cir. 2006).

When the government does intend to make permanent the deprivation of property seized at the time of an arrest, whether through forfeiture or destruction of that property, adequate notice is required.  Cardona-Sandoval, 581 F.3d at 16 (citing Gonzalez–Gonzalez v. United States, 257 F.3d 31, 36 (1st Cir. 2001).

In United States v. Wright, 610 F.2d 930 (D.C. Cir. 1979), that Circuit held:

> The seizure of property from someone is prima facie evidence of that person's entitlement, particularly when the seized property is money -- negotiable instruments difficult to identify and trace. . . [W]hen property is seized from a person, the court must return it to that person when it is no longer needed by the government. The court is obligated to restore the status quo ante. Unless there are serious reasons (presented by the government or adverse claimants) to doubt a person's right to the property seized from him, he need not come forward with additional evidence of ownership.

610 F.2d at 939.

While the government may seize property pursuant to a warrant, it "may not by exercising its power to seize, effect a de facto forfeiture by retaining the property seized indefinitely." 608 Taylor Ave., 584 at 1302 (citing United States v. United States Coin and Currency, 401 U.S. 715, 718 (1971) (forfeiture must be based on finding that property was used

in connection with wrongful conduct)).  As such, "Courts which have insisted on the return of items of evidence after the end of a trial have reasoned that the government no longer had a valid reason for retaining the movant's property."  Id. at 1303.

In Sovereign News Company v. United States, 690 F.2d 569 (6th Cir. 1982), the Court explained: "'The general rule is that seized property, other than contraband, should be returned to the rightful owner after criminal proceedings have terminated.' . . . This is true whether or not the original seizure was lawful."  690 F.2d at 577, (quoting United States v. Francis, 646 F.2d 251, 262 & n.2 (6th Cir. 1981)).  See also United States v. Wilson, 540 F.2d 1100, 1103-1104 (D.C. Cir. 1976) ("the district court, once its need for the property has terminated, [which] has both the jurisdiction and the duty to return the contested property . . . regardless and independently of the validity or invalidity of the underlying search and seizure").

The government bears the burden of proof. When the government "retain[s] the seized property" beyond the "conclusion of a criminal proceeding," it has the "heavy" burden of "demonstrat[ing] it has a legitimate reason to retain the seized property," "because there is a presumption that the person from whom the property was taken has a right to its return."  United States v. Albinson, 356 F.3d 278, 280 (3d Cir. 2004).

**III.    ARGUMENT**

The criminal proceedings have terminated and Christian Montalvo has a presumptive right to have his property returned, none of which is contraband.  The government cannot carry its heavy burden of demonstrating any legitimate reason for retaining the property and it has never given Mr. Montalvo (or his wife) notice that it intends to permanently deprive him of the items requested herein.  See  Cardona-Sandoval,  518 F.3d at 16 (requiring notice).  Accordingly, his property should be returned.   Indeed, "it would be antithetical to the notions of fairness and

justice under which we operate to convert the government's right to temporary possession to a right to hold . . . property indefinitely." Government of Virgin Islands v. Edwards, 903 F.2d 267, 273-274 (3d Cir. 1990).   Further, as held in United States v. Martinson, 809 F.2d 1364, 1369 (9th Cir. 1987):

> [W]hen the property in question is no longer needed for evidentiary purposes, either because trial is complete, the defendant has pleaded guilty, ... the burden of proof changes. The person from whom the property is seized is presumed to have a right to its return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property. . . . In such a case, the legality of the search and seizure is no longer an issue; even if the seizure was lawful the government must justify its continued possession of the property by demonstrating that it is contraband or subject to forfeiture.
>
> Id. (emphasis supplied) (citations omitted).

There is no justification for the government's continued possession of Mr. Montalvo's property. Accordingly, he asks this Court to direct the government to return all of the following:

1. Grey 2004 Ford Explorer bearing vehicle identification number 1FMZU73KX4UA12751
2. All non-contraband personal property seized from the 2004 Explorer including but not limited to items 3 through 7:
3. Toolbox and all tools and contents therein
4. Motor vehicle registration
5. Tire jack
6. Papers
7. All non-contraband personal property seized from 61A March St. including but not limited to items 9 through 13.
8. Christian Montalvo's Wallet, including identification and all the contents therein
9. Carmen Montalvo's Wallet, including identification and all the contents therein
10. All seized mail and documents
11. Nine (9) cell phones, including a white Apple brand iPhone
12. Kitchen scale

13. All seized jewelry including but not limited to a gold chain, gold bracelet silver diamond ring, black Movado watch with a leather band, Fossil watch with a blue band.

        Respectfully submitted
        Christian Montalvo
        By his attorney,

        */s/ Tara I. Allen*
        Tara I. Allen, MA Bar #641687
        Assistant Federal Defender
        10 Weybosset St., Ste. 300
        Providence, RI 02903
        (401) 528-4281;  FAX 528-4285
        tara_allen@fd.org

## CERTIFICATION

I hereby certify that a copy of this memorandum was delivered by electronic notification to Milind Shah, Assistant United States Attorney, March 30, 2015.

        */s/ Tara I. Allen*